## THE VIM.

### DENNIN v. C. F. STARITA & CO., Inc.

(District Court, S. D. New York. March 18, 1923.)

Negligence ⬤➡134(11)—Evidence held to show leak in barge was caused by manner of discharging cargo.

Evidence *held* to show that the leak in libelant's barge, which developed while a cargo of coal was being unloaded therefrom, was due to improper method of unloading, by removing the coal from each end, leaving the middle full, so as to produce heavy strain on the barge.

In Admiralty. Libel by Mary E. Dennin, owner of the barge Vim, against C. F. Starita & Co., Inc. Decree rendered for libelant.

Macklin, Brown & Van Wyck and William Van Wyck, all of New York City, for libelant.

Mengel & Conroy and Carl K. Mengel, all of New York City, for respondent.

WARD, Circuit Judge. The boat Vim, laden with 437 tons of anthracite coal, barley size, which is smaller than pea coal, was consigned to the steamer Ellenswonsdyk, Erie Basin. The coal was one continuous load through the whole hold, but the batch was divided by cross-beams some 12 feet apart, making seven divisions, which are incorrectly spoken of as hatches. The master signed the bill of lading for the cargo at Perth Amboy August 3, 1920. The boat arrived at Erie Basin the 4th, went alongside the steamer late on the afternoon of the 6th, when about 30 tons were discharged, by one gang, from the after end, and by noon of the next morning the cargo was discharged from each end, leaving about 100 tons amidships.

An inspector of the Board of Underwriters tested the coal for heat on the afternoon of the 6th and again at noon of the 7th, and, finding that it was heating and that water was coming in, he forbade any more to be loaded on the steamer. The proper method of discharging the coal was to take it from between the second and third beams forward (described as hatch No. 6), and from between the fifth and sixth beams aft (described as hatch No. 2), so that the coal would fall in automatically from each side and keep the cargo fairly even along the whole bottom.

The libelant says that the leak was caused by discharging at either end and leaving the principal part of the cargo amidships. On the other hand, the respondent, the stevedore, who had charge of the unloading, attributes the leak to the age of the boat. She was some 18 years old, but was shown to have been in good condition and overhauled about four months before. The photograph taken the next day, as well as the nature of the injuries, as shown in the survey, corroborate the libelant's account that the method of discharging strained her bottom and her bilges amidships, and caused her seams to open. I so find.

The libelant may take the usual interlocutory decree.

---

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes